IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL K. PIERCE,  )
                   )
        Plaintiff, )
                   )
     v.            ) Civil Action No. 18-45-E
                   )
COMMISSIONER OF SOCIAL SECURITY, )
                   )
        Defendant. )

O R D E R

AND NOW, this 27th day of March, 2019, upon consideration of the parties= cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq.,, finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred in formulating his residual functional capacity ("RFC") because he failed to consider evidence of multiple

1

impairments and mischaracterized and ignored relevant medical evidence and limiting effects. In the alternative, he argues that the case should be remanded to the Commissioner on the basis of new evidence pursuant to sentence six of 42 U.S.C. § 405(g). The Court disagrees and finds that substantial evidence supports the ALJ's decision that Plaintiff is not disabled and that remand is not warranted on the basis of the proffered new evidence.

Plaintiff first argues that the ALJ failed adequately to consider various diagnoses he had received from his treating physicians, such as fibromyalgia, degenerative disc disease, depression, chronic pain, and "other impairments disorders" at Step Two and subsequent steps of the sequential review. (Doc. No. 14 at 13). The problem is that by "other impairments," Plaintiff seems to suggest that the ALJ should have discussed every observation made by every doctor in the record. (Doc. No. 14 at 14 n.16). By and large, though, the ALJ appears to have considered these various conditions in his finding that Plaintiff had the severe impairments of "spine disorder, joint disfunction, and anxiety disorder." (R. 27). Indeed, he discussed Plaintiff's back pain, knee pain, joint pain, reduced range of motion, degenerative lumbar changes, interpersonal problems, etc. in explaining why he found these impairments to be severe. It seems, therefore, that the broader severe impairments found by the ALJ were meant to encompass the more specific findings made in various parts of the record. In any event, it is not relevant whether the ALJ specifically listed all of these diagnoses as severe impairments at Step Two, since Plaintiff's claim was not denied at that step. See Salles v. Comm'r of Soc. Sec., 229 Fed. Appx. 140, 145 n.2 (3d Cir. 2007); Bradley v. Barnhart, 175 Fed. Appx. 87, 90 (7th Cir. 2006).

Of course, in assessing a claimant's RFC, the ALJ must consider limitations and restrictions imposed by all of a claimant's impairments, even those not found to be severe at Step Two. See S.S.R. 96-8p, 1996 WL 374184 (S.S.A.), at *5 (July 2, 1996); 20 C.F.R. § 416.945(a)(2). However, the relevant issue is not what diagnoses or symptoms Plaintiff has, it is whether those conditions "caused functional limitations that precluded him from engaging in any substantial gainful activity." Walker v. Barnhart, 172 Fed. Appx. 423, 426 (3d Cir. 2006). Plaintiff does not suggest what additional restrictions should have been included in the RFC to account for conditions like his fibromyalgia, degenerative disc disease, depression, and chronic pain disorder that had not already been included. The ALJ expressly balanced Plaintiff's pain symptoms in finding him to be limited to light work, as well as his radiological findings, physical examinations, and treatment history. (R. 31). This would appear to account for the various medical findings and diagnoses discussed by Plaintiff. Indeed, no doctor opined as to or found any additional functional limitations stemming from these various conditions, and Plaintiff himself, for example, failed to articulate any significant difference in work-related limitations caused by his depression as opposed to those caused by his anxiety. (R. 56).

In short, the ALJ does not appear to have rejected or ignored any of the medical conditions that Plaintiff alleges were not addressed. He simply appears to have grouped them into broader categories and considered all of the findings in formulating the RFC. Particularly in light of the fact that an ALJ need not discuss every piece of evidence in the record as long as the reviewing court can determine the basis for the decision, see Fargnoli v. Massanari, 247 F.3d 34, 42 (3d Cir. 2001); Tisoit v. Barnhart, 127 Fed. Appx. 572, 575 (3d Cir. 2005), the Court finds no

issue in how the ALJ constructed his decision, and looking at the decision as a whole, the Court finds that substantial evidence supports the ALJ's findings.  See Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004).

As noted, Plaintiff alternatively argues that the case should be remanded to the Commissioner for further consideration in light of new evidence – specifically physical therapy records from March 3, 2016 (the day after the ALJ issued his decision) to April 8, 2016; records from Heath Fallin, M.D., and CT imaging records from June 23, 2016; and treatment notes and opinion from James R. Macielak, M.D., from between April 2016 and November 2017.  The Appeals Council declined to consider this evidence in reviewing the ALJ's decision (R. 4), which Plaintiff contends was in error.

It is well-established that evidence that was not before the ALJ cannot be considered by a district court in its determination of whether or not the ALJ's decision was supported by substantial evidence.  See Matthews v. Apfel, 239 F.3d 589, 594 (3d Cir. 2001); Chandler v. Commissioner of Soc. Sec., 667 F.3d 356, 360 (3d Cir. 2011).  Accordingly, the Court cannot rely on any records not submitted to the ALJ in making its determination here.  As discussed herein, based on the record before the ALJ at the time he issued his decision, substantial evidence supported his finding that Plaintiff was not disabled.

However, a district court can remand a case on the basis of new evidence under sentence six of 42 U.S.C. § 405(g).   Section 405(g) provides, in relevant part:

> [The court] may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for failure to incorporate such evidence into the record in a prior proceeding.

To remand a case based on new evidence which has not been presented to the ALJ, the Court must determine that the following criteria have been met: First, the evidence must be new and not merely cumulative of what is in the record.  Second, the evidence must be material.  This means that it must be relevant and probative, and there must be a reasonable possibility that the new evidence would have changed the outcome of the determination.  Third, the plaintiff must demonstrate good cause for not having incorporated the new evidence into the administrative record.  See Matthews, 239 F.3d at 594; Szubak v. Secretary of Health & Human Services, 745 F.2d 831, 833 (3d Cir. 1984).  Plaintiff cannot meet this burden.

Because the records at issue were not included in the record before the ALJ, and, indeed, did not exist until after he issued his decision, they are new and not merely cumulative of what is in the record.  However, all of these records clearly postdate the ALJ's decision and are therefore not material, since they do not relate to the relevant time period.  See Szubak, 745 F.2d at 833 ("An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 13) is DENIED and that Defendant's Motion for Summary Judgment (document No. 15) is GRANTED.

s/Alan N. Bloch
United States District Judge

ecf: Counsel of record

---

subsequent deterioration of [a] previously non-disabling condition."); Rainey v. Astrue, Civ. No. 11-125-E, 2012 WL 3779167, at *8 (W.D. Pa. Aug. 31, 2012).

The Court does note that the earliest of these new records, Plaintiff's physical therapy records from Meadville Medical Center, are from very shortly after the issuance of the ALJ's decision. However, they in no way pertain to the time period before the decision. Indeed, Plaintiff expressly indicated that he had not received physical therapy during the relevant time period (R. 50), so the fact that he did so shortly thereafter is not reflective of continuing treatment. Moreover, nothing in these records suggests any additional functional limitations that should have been included in the RFC.

The other new evidence presented by Plaintiff is from well after the relevant time period. The CT imaging result, for example, is from over three months after the date the ALJ issued his decision. Moreover, that record states that the disc herniation and other degenerative changes had worsened when compared to Plaintiff's November 29, 2015 MRI. (Doc. No. 13, Ex. A at 14). This shows that the later medical imaging was reflecting a condition that has been changing over time and that it did not reflect Plaintiff's physical condition from just a short time earlier. As such, there is no basis for relating this imaging, or for that matter the other records from later in 2016, to the relevant time period. Dr. Macielak's opinion as to Plaintiff's functional limitations is from over a year and a half after the ALJ's decision, and nothing in the opinion indicates that it was meant to refer back to the relevant time frame. Indeed, while Dr. Macielak says he began treating with Plaintiff in January of 2016, there are no treatment records until after the relevant period.

It is possible that Plaintiff's condition has deteriorated since the time of the ALJ's decision, but that does not warrant a new evidence remand. See Szubak, 745 F.2d at 833. If Plaintiff believes that his condition has significantly worsened since March 2, 2016, his remedy is to file a new application for that new time frame.

Accordingly, for all of the reasons stated herein, the Court affirms the ALJ's decision.